[Cite as *Suhy v. Ohio Dept. of Transp.*, 2011-Ohio-1114.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WALTER R. SUHY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-08896-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Walter R. Suhy, filed this action against defendant, Department of Transportation (ODOT), contending his Buick Lucerne was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 193 in Mahoning County. Specifically, plaintiff asserted the left rim on his car was damaged when the vehicle struck a pothole on the exit ramp for Martin Luther King Blvd. (US Route 422) from State Route 193. Plaintiff recalled his property damage event occurred on Sunday, June 6, 2010 at approximately 1:30 p.m. In his complaint, plaintiff requested damages in the amount of $401.16, the cost of replacement parts and related repair expenses he incurred. The filing fee was paid.

{¶ 2} Defendant explained plaintiff's property damage event occurred within the limits of a working roadway construction project under the control of ODOT contractor, A.P. O'Horo Company (O'Horo). Defendant related the particular construction project "dealt with grading, draining, resurfacing with asphalt concrete and by replacing the concrete deck on two structures between mileposts 0.42 to 1.42 of SR 193 in Mahoning County." Defendant pointed out that from "[p]laintiff's description of his incident places him around milepost 0.99 which is within the project limits." Defendant argued this

section of roadway was under the control of O'Horo and consequently ODOT had no responsibility for any damage or mishaps on the roadway within the construction project limits. Defendant asserted that O'Horo, by contractual agreement, was responsible for maintaining the roadway in the construction area, although all work performed was subject to ODOT requirements and specifications. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects, were delegated when an independent contractor takes control over a particular roadway section. Evidence has shown ODOT maintained an onsite inspection presence within the limits of the project area.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's

contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

**{¶ 5}** Alternatively, defendant denied neither ODOT nor O'Horo had any "notice of the pothole on SR 193 prior to plaintiff's incident." Defendant pointed out that ODOT "records indicate that no calls or complaints were received regarding the pothole in question" at milepost 0.99 prior to plaintiff's property damage event. Defendant advised, "[i]t should be noted that this portion of SR 193 has an average daily traffic volume of 22,000, however, no other complaints were received prior to plaintiff's alleged incident." Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish his property damage was attributable to conduct on either the part of ODOT or O'Horo. Defendant submitted documentation establishing no O'Horo personnel were working on the day of plaintiff's incident, Sunday, June 6, 2010. Plaintiff did not submit any evidence to show the length of time the particular damage-causing pothole existed on the roadway prior to 1:30 p.m. on June 6, 2010.

**{¶ 6}** In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

**{¶ 7}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 8}  Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.  There is no evidence that either defendant or O'Horo had actual notice of the pothole condition.  Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 9}  "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice of knowledge."  *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429.  "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards."  *Bussard.*  The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 10} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.  Size of the defect is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  No evidence has shown ODOT or O'Horo had constructive notice of the pothole.

{¶ 11} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition.  *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.  Plaintiff has failed to prove that his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents.  See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*,

Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WALTER R. SUHY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-08896-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Walter R. Suhy
49272 Eagle Drive

Jolene M. Molitoris, Director
Department of Transportation

East Liverpool, Ohio  43920

1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
12/15
Filed 1/11/11
Sent to S.C. reporter 3/4/11